***NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JOHN ALFY SALAMA MARKUS, | : | Civil Action No. 15-7545 (JLL) |
| Petitioner, | : | |
| v. | : | **OPINION** |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

**LINARES**, District Judge:

Presently before the Court is the motion of John Alfy Salama Markus ("Petitioner") to vacate, set aside, or correct his sentence brought pursuant to 28 U.S.C. § 2255. (ECF No. 1). On October 20, 2015, this Court issued an order directing Petitioner to show cause why his petition should not be dismissed as untimely. (ECF No. 3). On November 9, 2015, Petitioner filed a response to that order. (ECF No. 4). For the following reasons, the Court will dismiss Petitioner's motion as untimely.

## I. BACKGROUND

Petitioner, John Alfy Salama Markus, pled guilty to, inter alia, honest services wire fraud by way of a plea agreement on September 7, 2012. (Plea Hearing Transcript, Docket No. 11-366 at ECF No. 53). As part of his plea agreement, Petitioner agreed to the following appellate waiver:

> [Petitioner] knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not

> limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 33. Th[e United States Attorney's Office] will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines level of 33. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to [in the plea agreement]. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

(Plea Agreement, Docket No. 11-366 at ECF No. 48 at 15). During his plea colloquy, this Court discussed the terms of this appellate waiver with Petitioner at length. (Plea Transcript at 16-18). During that colloquy, Petitioner told this Court that he understood the terms of the appellate waiver, had discussed them with counsel, that he had no questions regarding the waiver, and that he wished to plead guilty. (*Id.*). This Court thereafter accepted his plea of guilty. (*Id.* at 30-31).

This Court sentenced Petitioner on March 12, 2013, to a term of imprisonment of 156 months. (ECF No. 1 at 2). Petitioner did not file a direct appeal. (*Id.* at 3). On or about October 16, 2015, some thirty one months after Petitioner's time for filing a direct appeal had run, Petitioner filed his motion to vacate his sentence. (ECF No. 1). In his original motion, Petitioner provided only the following statement as to the timeliness of his motion: "[Petitioner] had no idea that [he] was entitled to file [a] motion [under § 2255, until his] wife on August 2, 2015[,] accidentally came across it on the internet." (ECF No. 1 at 13). As Petitioner had not presented a valid basis for equitable tolling in his original motion, this Court entered an order on October 20,

2015, directing Petitioner to show cause why his Petition should not be dismissed as untimely. (ECF No. 3). In response to that order, Petitioner submitted a letter in which he states that he relied on his trial counsel when they told him he had waived his appeal rights in his plea agreement, and had not been aware that he was able to file a motion pursuant to § 2255. (ECF No. 4 at 1-3). Petitioner further states that he did not learn that he could file a motion to vacate through counsel until after submitting a petition for the commutation of his sentence with the Justice Department in October 2014, and did not learn that he could file such a motion pro se until his wife discovered the form motion to vacate on the Court's website in August 2015. (*Id.* at 3). Petitioner further states that his compiling and filing of a petition for commutation of sentence in 2014 demonstrates his diligence, and that his reliance on his attorneys was understandable given that he was originally from Egypt and was not knowledgeable about American legal procedures. (*Id.* at 2-4).

## II. DISCUSSION

### A. Legal Standard

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his or her sentence. Section 2255 provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Unless the moving party claims a jurisdictional defect or a Constitutional violation, in order to merit relief the moving party must show that an error of law or fact constitutes

"a fundamental defect which inherently results in a complete miscarriage of justice, (or) an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Horsley*, 599 F.2d 1265, 1268 (3d Cir.) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)), *cert. denied* 444 U.S. 865 (1979); *see also Morelli v. United States*, 285 F. Supp. 2d 454, 458-59 (D.N.J. 2003). Prior to ordering an answer to a § 2255 motion, Rule 4 of the Rules Governing Section 2255 Proceedings requires that the district court review a petitioner's § 2255 motion and "dismiss the motion" if it "plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."

**B. Analysis**

**1. An evidentiary hearing is not required**

28 U.S.C. § 2255(b) requires an evidentiary hearing for all motions brought pursuant to the statute "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *United States v. Booth,* 432 F.3d 542, 545 (3d Cir. 2005); *United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992). "Where the record, supplemented by the trial judge's personal knowledge, conclusively negates the factual predicates asserted by the petitioner or indicate[s] that petitioner is not entitled to relief as a matter of law, no hearing is required." *Judge v. United States*, --- F. Supp. 3d ---, ---, No. 13-2896, 2015 WL 4742380, at *3 (D.N.J. Aug. 11, 2015); *see also Government of Virgin Islands v. Nicholas*, 759 F.2d 1073, 1075 (3d Cir. 1985); *see also United States v. Tuyen Quang Pham*, 587 F. App'x 6, 8 (3d Cir. 2014); *Booth*, 432 F.3d at 546. For the reasons set forth below, Petitioner's motion is untimely and there is no basis for the equitable tolling of the statute of limitations. As such, Petitioner is not entitled

to relief as a matter of law as his motion is time-barred, and no evidentiary hearing is therefore necessary for the resolution of his motion.

**2. Petitioner's § 2255 is untimely and there is no basis for equitable tolling**

In his response to this Court's Order directing him to show cause why his petition should not be dismissed as untimely, Petitioner argues that this Court should equitably toll the statute of limitations because he was unaware of his ability to file a motion to vacate following advice from his trial counsel informing him that he had waived his rights to appeal. Motions to vacate brought pursuant to 28 U.S.C. § 2255 are subject to a one year statute of limitations which runs from the latest of the following events: the date on which the conviction becomes final, the date on which an impediment to making the motion is removed, the date on which the right asserted was initially recognized by the Supreme Court if Petitioner's claim is based on a newly recognized right made retroactively applicable to cases on collateral review, or the date on which the facts supporting the claim could first have been discovered through due diligence. 28 U.S.C. § 2255(f)(1)-(4). Where, as here, the statute of limitations runs from the date on which a petitioner's conviction becomes final and the petitioner did not file a direct appeal, the conviction is considered final on "the date on which the time for filing . . . an appeal expired." *See Kapral v. United States*, 166 F. 3d 565, 577 (3d Cir. 1999); *see also United States v. Johnson*, 590 F. App'x 176, 177 (3d Cir. 2014). A criminal defendant is required by the court rules to file his notice of appeal within fourteen days of the date of his sentencing. *Johnson*, 590 F. App'x at 177; Fed. R. App. P. 4(b)(1)(A)(i).

This Court sentenced Petitioner on March 12, 2013. Petitioner did not file a direct appeal, and his conviction therefore became final fourteen days later on March 26, 2013. (ECF No. 1 at

3). *See Johnson*, 590 F. App'x at 177. Absent equitable tolling, Petitioner's one year statute of limitations had run one year later on March 26, 2014. 28 U.S.C. § 2255(f). Petitioner did not file his current motion to vacate until October 16, 2015, approximately nineteen months after the statute had run. Petitioner's motion would therefore be time-barred without some form of equitable tolling.

The statute of limitations applicable to § 2255 motions is subject to equitable tolling under the appropriate circumstances. Equitable tolling, however, "is a remedy which should be invoked 'only sparingly.'" *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)). Tolling therefore only applies where a petitioner shows "(1) that he faced 'extraordinary circumstances that stood in the way of timely filing,' and (2) that he exercised reasonable diligence." *Johnson*, 590 F. App'x at 179 (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)). Mere excusable neglect is insufficient to warrant tolling of the statute of limitations. *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013). Likewise, in non-capital cases, an attorney's ""malfeasance or non-feasance is typically not an extraordinary circumstance which justifies equitable tolling of a [habeas petition]." *Bass*, 268 F. App'x at 199; *see also Schlueter v. Varner*, 384 F.3d 69, 76 (3d Cir. 2004). The exception to this rule applies only in those cases involving actual deception or other serious misconduct on the part of the petitioner's attorney, generally accompanied by a strong showing of diligence. *Schlueter*, 384 F.3d at 76-78; *see also Holland v. Florida*, 560 U.S. 631, 651-53 (2010) (accepting that an extreme case of attorney misconduct may warrant equitable tolling even though "garden variety" claims of attorney neglect or negligence are insufficient to warrant tolling); *Ross v. Varano*, 712 F.3d 784, 798-800, 803-04 (3d Cir. 2013) (attorney's extreme neglect including

refusal to accept calls, making inaccurate statements regarding the status of an appeal and as to the law in general, coupled with a petitioner's limited mental capacity and continuous diligence enough to warrant tolling).

Petitioner asserts two arguments as to the extraordinary circumstances which prevented him from timely filing his § 2255 motion. First, in both his petition and in his response to the order to show cause, Petitioner argues that he did not know that he could file a motion to vacate his sentence. Petitioner argues that, as a foreign born citizen and non-lawyer, he could not be expected to be aware of his rights to file a motion pursuant to the statute, and was never told of his rights to do so by his trial lawyers. Petitioner further suggests that even when he did initially learn about the existence of the statute, he was under the impression that only a lawyer could file such a motion until his wife discovered the pro se form on the court's website. These facts, taken in their entirety, essentially present an argument for excusable neglect: that Petitioner slept on his rights because of his own understandable lack of knowledge. As this Court has previously informed Petitioner, however, excusable neglect is insufficient as a matter of law to establish the extraordinary circumstances required to warrant equitable tolling. *Thomas*, 713 F.3d at 174.

Petitioner's request for equitable tolling therefore rests entirely on his second argument: that he relied on statements by his trial attorneys that he could not file a direct appeal because he had waived his right to appeal in his plea agreement. Petitioner specifically asserts that, during the months between his entry of his plea and his sentencing, he asked his lawyers whether he could appeal his plea agreement and they "told [him] that [he] gave up [his] rights to appeal in [his] plea agreement." (ECF No. 4 at 1). While Petitioner does assert that this statement is incorrect, he specifically states that he does not know whether his lawyers were "dishonest or merely negligent."

(*Id.* at 2). Petitioner also asserts that his lawyers never told him about his collateral rights under § 2255.[1] (*Id.*). Petitioner therefore essentially asserts that, through negligence or misstatement, his attorneys created extraordinary circumstances which prevented his filing.

Preliminarily, in regards to this argument, it must be noted that this Court discussed Petitioner's appellate waiver with Petitioner at length during his plea colloquy. (*See* Plea Transcript at 16-18). This Court explained to Petitioner not only what appellate and collateral rights Petitioner had waived, including his right to appeal his sentence if the length fell within the agreed upon range and this Court's acceptance of any stipulated fact, but also those rights Petitioner clearly retained, in this case his right to appeal any determination as to his criminal history category. (*Id.*). Petitioner told this Court that he understood this information, had discussed it with his lawyers, and wished to plead guilty regardless. Thus, information in the record clearly suggests that Petitioner was given proper information about the range and scope of his appellate waiver. Likewise, to the extent that Petitioner's attorneys told him that he had waived his rights to appeal, they were in large part correct: Petitioner had waived many, albeit not all, of his appellate and collateral attack rights in his plea agreement.

Ultimately, Petitioner's assertion that his attorneys' statement that he had waived appeal led him to not seek collateral review earlier is insufficient to amount to extraordinary circumstances. Petitioner's assertion, at best, appears to fall into the sort of garden variety attorney negligence/mistake claim that both the Third Circuit and the United States Supreme Court

---

[1] While this Court accepts, for the purposes of this opinion, that Petitioner's lawyers may well have never explained Petitioner's rights to file a collateral attack, the Court notes that the availability of collateral attack under § 2255 is mentioned in the plea agreement Petitioner signed (Plea Agreement at 5, 15).

has found inadequate to merit tolling. *Holland*, 560 U.S. at 651-53; *Ross*, 712 F.3d at 798-800, 803-04; *Schlueter*, 384 F.3d at 76-78; *Bass*, 268 F. App'x at 199. Petitioner does not assert that his attorney's purposefully mislead him, instead acknowledging that, to the extent they made an incorrect statement, they may well have simply been mistaken. Petitioner certainly does not assert the kind of extreme neglect or egregious attorney behavior which has been suggested would suffice to merit tolling, such as the refusal to accept calls from a client while actively misleading him as to whether his appeal had been filed or effectively abandoning a client entirely. *See Holland*, 560 U.S. at 651-53; *Ross*, 712 F.3d at 798-800, 803-04; *Schlueter*, 384 F.3d at 76-78. Petitioner's claim of attorney mistake or negligence is, simply put, insufficient to establish extraordinary circumstances, and he must be denied equitable tolling for that reason.[2]

In any event, Petitioner has also failed to show that he was reasonably diligent in pursuing his rights. Equitable tolling requires that a petitioner show he acted with reasonable diligence during the time period he seeks to toll. *Holland*, 560 U.S. at 653-54. Courts determine whether a petitioner has been reasonably diligent by considering a petitioner's "overall level of care and caution in light of his or her particular circumstances." *Ross*, 712 F.3d at 799 (quoting *Doe v. Busby*, 661 F.3d 1001, 1013 (9th Cir. 2011)). A Petitioner's diligence does not apply only to the filing of his motion, but also to his behavior throughout the entire period between his conviction and filing, and a petitioner who sits on his rights for a significant portion of that period after the extraordinary circumstances in question no longer barred his filing will not warrant tolling. *Id.* at

[2] Further, Petitioner's attorneys' statement applied only to the filing of a direct appeal, even if those statements were sufficient to warrant some tolling, which they are not, it is doubtful that they would be sufficient to warrant tolling the statute of limitations for some nineteen months as would be required to make Petitioner's filing timely.

799-800.

Here, Petitioner did not file his motion to vacate until nineteen months *after* the one year statute of limitations had expired. In support of his claim that he was diligent, Petitioner points to his filing of a petition for commutation of sentence in October 2014,[3] several months after the expiration of the one year limitations period. Petitioner also states that he learned, apparently in 2014, about the existence of a motion to vacate from his brother-in-law, but gave up on pursuing that option because he could not afford a lawyer. Petitioner further states that he did not attempt to pursue a § 2255 motion until a year later when his wife discovered the pro se form in August 2015. Even after that discovery, however, Petitioner did not file his petition for another two months. Ultimately, Petitioner has not shown that he was reasonably diligent in pursuing his rights. Petitioner's response to the order to show cause indicates only that Petitioner made sporadic attempts to fight his conviction, and was not continually pursuing his rights throughout the period he seeks to have tolled. Indeed, he appears to have taken no actions between March 2013 when the statute began to run and the "beginning of 2014" when he began working on his commutation petition. Even when he began work on that petition, he did not complete it and get it filed for months – until October 2014. Thereafter, even when he was told of the existence of a § 2255 motion, he again decided against action and sat on his rights until the following August. These facts indicate that while Petitioner may have acted understandably under the circumstances, he did not act reasonably diligently. As such, even if Petitioner had shown extraordinary

[3] Petitioner does state that he started on this commutation petition in the "beginning of 2014." Even giving him the benefit of the doubt and assuming this meant before March 2014 when the statute of limitations expired, he was at best only pursuing his rights for the last three months of the limitations period, and had not pursued them for the remaining months of the period.

circumstances, tolling in this matter would not be warranted because Petitioner has not shown that he was reasonably diligent in pursuing his rights. As such, equitable tolling is not warranted in this matter, and Petitioner's motion to vacate his sentence is well out of time, and must therefore be dismissed.

## III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. §2253(c), a petitioner may not appeal from a final order in a proceeding under § 2255 unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). As Petitioner's motion is clearly time barred and jurists of reason could not disagree with this Court's ruling that Petitioner has failed to establish a basis for equitable tolling, no certificate of appealability shall issue.

**IV. CONCLUSION**

For the reasons stated above, this Court will dismiss Petitioner's § 2255 motion as time-barred, and no certificate of appealability shall issue. An appropriate order follows.

Hon. Jose L. Linares,
United States District Judge